

IN THE
TENTH COURT OF APPEALS

No. 10-12-00266-CR

ANTHONY WAYNE SWINNIE,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law No 2
McLennan County, Texas
Trial Court No. 20121458CR2

MEMORANDUM  OPINION

In this appeal, appellant, Anthony Wayne Swinnie, challenges the trial court's

denial of his motion to suppress.  We affirm.

I.    BACKGROUND

Appellant was charged by information with misdemeanor driving while

intoxicated, which was enhanced by appellant's October 1, 1997 conviction for driving

while intoxicated in McLennan County, Texas.  *See* TEX. PENAL CODE ANN. §§ 49.04(a),

49.09(a) (West Supp. 2012).  At the hearing on appellant's motion to suppress, Officer

Francisco Reyes of the Waco Police Department testified that he and Officer Eric Trojanowski stopped appellant's van because appellant ran a stop sign and because he crossed three lanes of traffic on North 26th Street in Waco, Texas, without signaling. When officers spoke with appellant, they noticed "a heavy odor of alcoholic beverage emitting from his breath. He had red, bloodshot eyes and slightly slurred speech." Appellant later admitted to drinking three "beers of the bull" and having smoked "a couple of blunts" of marihuana. Officers administered field-sobriety tests, all of which appellant failed. And after officers issued appellant DIC-24 statutory warnings, appellant consented to a breath sample, which yielded a blood-alcohol level of 0.096.

In any event, at the hearing, appellant's counsel focused primarily on the "Affidavit of Warrantless Arrest" executed by the Officer Reyes. In particular, appellant's counsel complained that the affidavit was not sworn to before a judge or a magistrate. At one point, appellant's counsel argued that: "We've got two officers that make an arrest, and one of them prepares a report, and the other one swears to it. . . . Well, they cannot arrest a person without taking that person before a magistrate." The State objected to this argument, contending that the affidavit was not a proper subject for appellant's motion to suppress and should be challenged in a petition for writ of habeas corpus instead. The trial court sustained the State's objection and noted that: "The question for this Court is what occurred prior to the arrest, not what occurred after the arrest."

At the conclusion of the testimony, the trial court denied appellant's motion to suppress. Pursuant to a plea bargain with the State, appellant pleaded guilty to the

charged offense.[1]  The trial court found appellant guilty of the charged offense and sentenced him to ninety days confinement in the McLennan County Jail.  This appeal followed.

## II.    Motion to Suppress

In his first issue, appellant asserts that the trial court abused its discretion in denying his motion to suppress because warrantless arrests require a finding of probable cause by a neutral, disinterested magistrate, not another police officer.

### A.    Standard of Review

We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion, using a bifurcated standard.  *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor.  *Guzman*, 955 S.W.2d at 89.  We review de novo the trial court's determination of the law and its application of law to facts that do not turn upon an evaluation of credibility and demeanor.  *Id.*  When the trial court has not made a finding on a relevant fact, we imply the finding that supports the trial court's ruling, so long as it finds some support in the record.  *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); *see Moran v. State*, 213 S.W.3d 917, 922 (Tex. Crim. App. 2007).  We will uphold the trial court's ruling if it is reasonably supported by the record and is

---

[1] Appellant signed a waiver of his right to appeal, except for an appeal pertaining to the trial court's denial of his motion to suppress.  Indeed, the trial court's certification of appellant's right of appeal states that this case "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the Defendant has the right of appeal . . . ."

correct under any theory of law applicable to the case.  *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007).  When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the ruling.  *Garcia-Cantu v. State*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

**B.     Discussion**

The crux of appellant's first issue centers on the "Affidavit for Warrantless Arrest" executed by Officer Reyes.  In particular, appellant complains that a neutral and disinterested magistrate, rather than Officer Trojanowski, should have administered the oath accompanying the affidavit.

The Texas Code of Criminal Procedure provides that, before a warrant may issue, a sworn affidavit setting forth substantial facts establishing probable cause must be filed.  *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2012); *see also Gravitt v. State*, No. 05-10-01195-CR, 2011 Tex. App. LEXIS 8675, at **3-4 (Tex. App.—Dallas Nov. 2, 2011, no pet.) (mem. op., not designated for publication).  The Texas Court of Criminal Appeals has noted that an affiant must swear that he has knowledge of the facts within his written affidavit and that those facts establish probable cause.  *Smith v. State*, 207 S.W.3d 787, 789-90 (Tex. Crim. App. 2006).  The purpose of the oath is "to call upon the affiant's sense of moral duty to tell the truth and to instill in him a sense of seriousness and responsibility."  *Id.* at 790.  The *Smith* Court recognized that:

When an individual swears under oath, society's expectation of truthfulness increases and the legal consequences for untruthfulness—prosecution for perjury, for example—may be severe. The purpose of the written affidavit is to memorialize the affiant's recitation of the facts, conclusions, and legal basis for the issuance of the search warrant. Without a written affidavit, citizens and courts would not be able to determine if the search warrant had been properly issued unless the affiant physically appeared before the trial judge after the search to recount the factual basis for requesting the search warrant. By then, the affiant may have relocated or for some other reason become unavailable. Even if the affiant were still available, his memory of both the specific facts and his conclusions may have faded.

*Id.*

Section 602.002 of the Texas Government Code lists individuals who are authorized to administer an oath and a certificate of fact in this state.[2] TEX. GOV'T CODE ANN. § 602.002 (West 2012). Among those listed is "a peace officer described by Article 2.21, Code of Criminal Procedure, if: (A) the oath is administered when the officer is engaged in the performance of the officer's duties; and (B) the administration of the oath relates to the officer's duties." *Id.* § 602.002(17). Moreover, Texas courts have stated that an affidavit need not necessarily be sworn to in the presence of a magistrate so long as it is sworn to before an officer authorized by Texas Government Code Section 602.002 to administer oaths. *See Hughes v. State*, 334 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.); *see also Gravitt*, 2011 Tex. App. LEXIS 8675, at **4-5.

Here, Officer Reyes authored the "Affidavit for Warrantless Arrest," setting out the facts in this case, which he believed supported probable cause for the arrest. The affidavit also indicates that Officer Trojanowski administered the oath and signed the

---

[2] *See* TEX. GOV'T CODE ANN. § 602.001 (West 2012) (explaining that an "'oath' includes the oath in an affidavit").

affidavit on March 10, 2012. In place of the notation, "Notary Public," Officer Trojanowski indicated that he signed the affidavit in his capacity as a peace officer. We find that the record demonstrates that Officer Trojanowski was engaged in the performance of his duties as a peace officer—namely, investigating several traffic violations and a possible driving-while-intoxicated infraction—and that the administration of the oath in support of Officer Reyes's affidavit related to Officer Trojanowski's duties as a peace officer. *See* TEX. GOV'T CODE ANN. § 602.002. Accordingly, under section 602.002(17) of the Texas Government Code, Officer Trojanowski was authorized to administer the oath in this case. *See* TEX. GOV'T CODE ANN. § 602.002(17); *Hughes*, 334 S.W.3d at 388; *see also Gravitt*, 2011 Tex. App. LEXIS 8675, at **4-5. Therefore, based on the foregoing, and because appellant concedes that the arresting officers had probable cause to effectuate the arrest, we cannot say that the trial court abused its discretion in denying appellant's motion to suppress. *See Crain*, 315 S.W.3d at 48; *Guzman*, 955 S.W.2d at 88-89. We overrule appellant's first issue.

### III.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his second issue, appellant complains about the trial court's failure to enter findings of fact and conclusions of law pertaining to his arguments regarding the "Affidavit for Warrantless Arrest" and the oath.[3] In making this argument, appellant does not cite to any authority indicating that the trial court was required to issue such findings on the precise issue he raised in the hearing on his motion to suppress. *See*

---

[3] The record reflects that appellant filed a request for additional findings of fact and conclusions of law pertaining to the "Affidavit of Warrantless Arrest" and oath after the trial court entered its findings of fact and conclusions of law on appellant's motion to suppress. Appellant has not taken any further action with respect to his request for additional findings of fact and conclusions of law.

TEX. R. APP. P. 38.1(i). In fact, the trial court specifically noted that, with respect to the appellant's motion to suppress, it was only concerned with what occurred prior to appellant's arrest. Furthermore, the record contains findings of fact and conclusions of law addressing the substance of the "Affidavit of Warrantless Arrest"—whether officers had reasonable suspicion to effectuate the traffic stop and whether officers had probable cause to arrest appellant for driving while intoxicated. In any event, because appellant has not provided authority in support of this contention, we deem this issue to be inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Accordingly, appellant's second issue is overruled.

## IV. CONCLUSION

Having overruled appellant's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 8, 2013
Do not publish
[CR25]